UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN McCARN,

        Petitioner,

v.                                        CASE NO. 09-15082
                                        HONORABLE MARIANNE O. BATTANI

RAYMOND BOOKER,

        Respondent.

_____/

## ORDER DISMISSING HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Brian McCarn is a state prisoner at Ryan Correctional Facility in Detroit, Michigan. He has filed a pro se habeas corpus petition challenging state practices, policies, and laws governing parole. Petitioner is serving a life sentence, and he seeks to be re-sentenced to a term of years. In the alternative, Petitioner seeks a parole hearing and a decision by the Michigan Parole Board, applying the parole laws, policies, procedures, and standards in effect before 1992. The Court has concluded that Petitioner is not entitled to relief. Accordingly, his habeas petition will be dismissed.

**I. Background**

The petition and attachments allege that, in 1989, Petitioner was convicted of second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony. An Ingham County circuit judge sentenced Petitioner to life imprisonment for the murder, twenty-five to fifty years for the assault,

and two years for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded his case to the trial court for re-sentencing on the murder conviction. On remand, the trial court once again sentenced Petitioner to life imprisonment. The Michigan Court of Appeals then affirmed Petitioner's sentence. Petitioner alleges that he did not file a timely appeal in the Michigan Supreme Court.

In 2002, Petitioner filed a motion for relief from judgment, which the trial court denied. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal the trial court's decision. See People v. McCarn, No. 244465 (Mich. Ct. App. Apr. 1, 2003); People v. McCarn, 671 N.W.2d 50 (Mich. 2003) (table).

In 2004, Petitioner challenged his convictions in a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States District Judge George Caram Steeh dismissed the petition for failure to comply with the statute of limitations. See McCarn v. Jackson, No. 04-72647 (E.D. Mich. Apr. 11, 2005).

In 2009, Petitioner filed a habeas corpus petition in the United States Court of Appeals for the Sixth Circuit. He requested permission to file a second or successive petition regarding changes in the Michigan Parole Board's policies, procedures, and standards. The Court of Appeals denied Petitioner's request as unnecessary because the petition was not a second or successive one. The Court of Appeals then transmitted the petition to this Court for docketing as of July 1, 2009.

**II. Discussion**

Petitioner purports to be one of approximately 1,000 state prisoners sentenced before October 1, 1992, to life imprisonment with the possibility of parole. He claims that, as a result of retroactive and harsh changes in Michigan's parole policies,

2

procedures, and laws since he was sentenced in 1989, he has suffered, or is at risk of suffering, an increase in punishment. Petitioner argues that this increase in punishment undermines the sentencing court's intent and violates the Ex Post Facto Clause of the United States Constitution.

Petitioner relies on this Court's ruling in a class action civil rights case that the cumulative changes in Michigan's parole laws, policies, procedures, and standards since October 1, 1992, violate the Ex Post Facto Clause. See Foster Bey v. Rubitschun, No. 05-71318, 2008 WL 7020690, at *23 (E.D. Mich. Oct. 23, 2008). The Court of Appeals, however, recently reversed this Court's decision, stating that

> [t]o the extent that plaintiffs face a risk of increased punishment under the post 1992 parole laws as compared to the laws in effect when they committed their offenses, we cannot conclude that changes to the parole laws caused such an increase. Rather, the new Board's low rates of parole may be attributable largely to the legitimate exercise of discretion in granting fewer paroles. Even assuming that changes in the number of paroles did not result from a stricter exercise of discretion, it is not clear that plaintiffs have shown a sufficient risk of increased punishment to prevail on their ex post facto claim. Thus plaintiffs were not entitled to judgment as a matter of law, and the summary judgment and grant of injunctive relief must be reversed.

Foster v. Booker, 595 F.3d 353, 355 -56 (6th Cir. 2010).

In light of the Sixth Circuit's ruling on the ex post facto issue, the Court concludes that Petitioner is not entitled to the relief he seeks. Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). The Court **DECLINES** to issue a certificate of appealability or leave to

proceed in forma pauperis on appeal because reasonable jurists would not find the Court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Dated: May 4, 2010

CERTIFICATE OF SERVICE

     I hereby certify that on the above date a copy of this Order was served upon Brian McCarn via ordinary U.S. Mail.

                                                s/Bernadette M. Thebolt
                                                Case Manager